**Gary Stephen GREENWELL,
Petitioner–Appellant,**

**v.**

**Frank ELO, Respondent–Appellee.**

**No. 02–1820.**

United States Court of Appeals,
Sixth Circuit.

Sept. 15, 2003.

Gary Stephen Greenwell, pro se, Jackson, MI, for Petitioner–Appellant.

Debra M. Gagliardi, Asst. Atty General, Lansing, MI, for Respondent–Appellee.

Before: MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Gary Stephen Greenwell, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Greenwell has filed a motion for production of videotapes. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Greenwell was convicted of first-degree criminal sexual conduct following a jury trial in the Washtenaw County Circuit Court in 1993. He was sentenced to 25 to 45 years imprisonment on that conviction. Greenwell also pleaded *nolo contendere* to another first-degree criminal sexual conduct charge and to four counts of second-degree criminal sexual conduct. He was sentenced to concurrent terms of 25 to 45 years imprisonment on the additional first-

degree conviction and 10 to 15 years imprisonment on each of the second-degree convictions. The convictions and sentences were affirmed on direct appeal. The Michigan Supreme Court denied Greenwell's application for leave to appeal.

In his habeas petition, Greenwell raises claims involving the sufficiency of the evidence, the admission of other acts evidence, the prosecutor's failure to disclose favorable evidence, the effectiveness of trial counsel, and sentencing errors. The district court denied habeas corpus relief on the merits. The court granted Greenwell a certificate of appealability on all of the habeas claims except the claim regarding alleged sentencing errors. This court denied Greenwell a certificate of appealability with respect to the claim regarding alleged sentencing errors.

In the appeal of a habeas corpus decision under § 2254, legal conclusions are reviewed de novo and findings of fact are reviewed for clear error. *See DeLisle v. Rivers*, 161 F.3d 370, 380 (6th Cir.1998). The relevant section of 28 U.S.C. § 2254(d) provides that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d

---

\* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

nois, sitting by designation.

389 (2000), outlines the degree to which federal habeas courts should defer to state court decisions. The Court held that, in order for the writ to issue, a state-court decision must be contrary to Supreme Court precedent in the sense that "the state court arrive[d] at a conclusion opposite to that reached by this Court on a question of law ... [or] the state court confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent and arrive[d] at a result opposite to ours." *Id.* at 405 "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Id.* at 411–12.

Federal courts are also required to presume that state court factual findings are correct, and the burden is on the petitioner to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). "If[. however. a] claim was not heard on the merits by the state courts, and the federal district court made its own determination in the first instance. [the court] review[s] the district court's conclusions of law de novo and its findings of fact, if any, for clear error." *LaFevers v. Gibson,* 182 F.3d 705, 711 (10th Cir. 1999). If the district court's factual findings are based only on a review of the state court record, the court conducts an independent review. *See Smallwood v. Gibson,* 191 F.3d 1257, 1264 n. 1 (10th Cir.1999).

■ Sufficient evidence existed to support Greenwell's conviction for first-degree sexual conduct. Sufficient evidence exists where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Michigan law, a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration of another person and the other person is under 13 years of age. *See* Mich. Comp. Laws § 750.520b(1)(a). Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." Mich. Comp. Laws § 750.520a(1). Although the Michigan Court of Appeals did not cite *Jackson,* it used the same standard when reviewing Greenwell's sufficiency of the evidence claim and made a reasonable determination that a rational trier of fact could have found the elements of first-degree criminal sexual conduct, and in particular, the element of penetration, beyond a reasonable doubt. The court's factual summary is supported by the trial transcript.

■ Greenwell's "other acts evidence" claim fails because the alleged evidentiary error did not deprive him of a fundamentally fair trial. *See Montana v. Egelhoff,* 518 U.S. 37, 43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996); *Estelle v. McGuire,* 502 U.S. 62, 67–70, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). As pointed out by the district court, the videotape was properly admitted at trial as evidence of lack of accident, motive, intent, plan, or scheme on the issue of penetration. *See* Mich. R. Evid. 404(b). Additionally, the trial court instructed the jury on the proper use of this evidence as a matter of Michigan law. Even if the trial court erred in admitting the other acts evidence, such error did not

have a substantial and injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Gilliam v. Mitchell,* 179 F.3d 990, 995 (6th Cir.1999).

Greenwell was not denied due process by the prosecution's failure to play the fixed camera videotape at trial because Greenwell and his counsel knew of the fixed camera videotape at the time of trial, and defense counsel was provided an opportunity to view the videotape during trial, but declined to do so. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Carter v. Bell,* 218 F.3d 581, 601–03 (6th Cir.2000); *Coe v. Bell,* 161 F.3d 320, 344 (6th Cir.1998).

Finally, Greenwell has not demonstrated that trial counsel was ineffective for failing to have the fixed camera videotape played for the jury. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state appellate court concluded that Greenwell failed to establish that counsel was ineffective because the videotape may not have benefitted Greenwell but, rather, may have helped to prove his guilt. The state appellate court's determination in this regard is consistent with federal law and constitutes a reasonable application thereof. *See* 28 U.S.C. § 2254(d). As pointed out by the district court, trial counsel may have reasonably determined that showing more footage of the incident would prejudice Greenwell and would not serve as exculpatory evidence.

Accordingly, the motion for production of videotapes is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.